**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4608-14T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MANUEL WISPE, JR.,

    Defendant-Appellant.

_____

Submitted February 28, 2017 — Decided  June 30, 2017

Before Judges Rothstadt and Sumners.

On appeal from Superior Court of New Jersey,
Law Division, Hudson County, Indictment No.
87-02-0224.

Manuel Wispe, Jr., appellant pro se.

Esther  Suarez,  Hudson  County  Prosecutor,
attorney for respondent (Frances Tapia Mateo,
Assistant  Prosecutor,  on  the  brief).

PER CURIAM

    Defendant Manuel Wispe, Jr. appeals from a Law Division order

denying his reconsideration motion to reduce his sentence based

upon evidence of post-sentence rehabilitation.  We affirm.

Defendant is serving a life sentence with thirty years of parole ineligibility after a 1995 conviction for murder and weapons offenses. We affirmed his conviction and sentence on direct appeal. State v. Wispe, A-4893-94 (App. Div. Feb. 4, 1997), certif. denied, 149 N.J. 407 (1997). Defendant filed two petitions for post-conviction relief (PCR) that were denied. State v. Wispe, A-6592-00 (App. Div. Dec. 30, 2002), certif. denied, 176 N.J. 72 (2003); State v. Wispe, A-0344-08 (App. Div. Apr. 14, 2010), certif. denied, 203 N.J. 440 (2010). In deciding the issue before us, we need not detail or summarize defendant's conviction, direct appeal, or PCR petitions.

In 2014, defendant filed a motion to reduce his sentence based upon the contention that he has been rehabilitated. Judge Paul M. DePascale, citing State v. Towey, 244 N.J. Super. 582 (App. Div.), certif. denied, 122 N.J. 159 (1990), and Pepper v. United States, 562 U.S. 476, 131 S. Ct. 1229, 179 L. Ed. 2d 196 (2011), denied the motion on the grounds that defendant's sentence was not previously set aside as his direct appeal and PCR petitions were all rejected, thus, there was no legal basis to reconsider his sentence. The judge also denied defendant's reconsideration motion. In an April 13, 2015 letter opinion, the judge stated that defendant's reliance on case law involving rehabilitation for juveniles was misplaced, as he was an adult when the offenses

occurred. The judge further pointed out that defendant's life sentence with a thirty-year parole disqualifier was consistent with law.

On appeal, defendant raises the following legal argument:

> THE LOWER COURT ERRED IN DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF SENTENCE, THEREFORE, THIS MATTER MUST BE REMANDED.

Defendant specifically reiterates his contention that his sentence should be reduced because of his significant rehabilitation efforts in prison. We have considered this contention in light of the record and applicable legal principles, and conclude it is without sufficient merit to warrant a discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons expressed by Judge DePascale in his well-reasoned letter opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4608-14T2